IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 11-14899 CA 31

CLIFFORD S. PERLMAN, Trustee of the Marilyn Tredwell Family Insurance Trust,

    Plaintiff(s),

v.

CHERYL LIPSIUS, ESQ., IRA LIPSIUS, ESQ. AND SCHINDEL, FARMAN, LIPSIUS, GARDNER & RABINOVICH, LLP,,

    Defendant(s).

_____/

THE ORIGINAL FILED
IN THE OFFICE OF THE CLERK

AUG 09 2011

CIRCUIT & COUNTY COURTS
MIAMI-DADE COUNTY FLORIDA

## CORRECTED MOTION FOR ENLARGMENT OF TIME
## TO FILE RESPONSIVE PLEADING AS TO FLORIDA BAR NUMBER ONLY

Defendants, CHERYL LIPSIUS, ESQ., IRA LIPSIUS, ESQ. AND SCHINDEL, FARMAN, LIPSIUS, GARDNER & RABINOVICH, LLP, by and through their undersigned counsel files this their Corrected Motion for Enlargement of Time to File a responsive pleading (as to Joseph H. Lowe's Florida Bar number only ) to Plaintiff's Complaint served on defendants and as grounds therefore state as follows:

1. Defendant was served with the complaint on this matter on July 20, 2011. Undersigned counsel has just been retained and requires additional time to confer with his clients who are located in New York City to prepare an appropriate responsive pleading.

2. Defendants respectfully request an extension of fifteen (15) days to file a responsive pleading up and through August 24th.





KLEIN GLASSER PARK
LOWE & PELSTRING P.L.

3. Undersigned counsel's assistant contacted counsel for the Plaintiff prior to filing this motion to ask for an extension to file a responsive pleading. Plaintiff's counsel would not agree thus necessitating the motion.

WHEREFORE, Defendants respectfully request this Honorable Court enter an order granting this Motion for Enlargement of Time to file the responsive pleading in this cause for a period of fifteen (15) days, until August 24, 2011.

WE HEREBY CERTIFY that a true and correct copy of the foregoing was sent by email and U.S. Mail on this 8th day of August, 2011 to: Andrew Byrne, Esq., Becker & Poliakoff, P.A., Alhambra Towers, 121 Alhambra Plaza, 10th Floor, Coral Gables, FL 33134.

KLEIN GLASSER PARK LOWE & PELSTRING, P.L.
Counsel for Defendants
Two Datran Center – Suite 1225
9130 S. Dadeland Blvd
Miami, FL 33156
Phone: 305-670-3700
Fax: 305-670-8592
Email:mailto:lowej@kgplp.com lowej@kgplp.com

By: _____
JOSEPH H. LOWE
Florida Bar No. 0273716

KLEIN GLASSER PARK
LOWE & PELSTRING P.L.

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 11-14899 CA 31

CLIFFORD S. PERLMAN, Trustee of the Marilyn Tredwell Family Insurance Trust,

    Plaintiff(s),

v.

CHERYL LIPSIUS, ESQ., IRA LIPSIUS, ESQ. AND SCHINDEL, FARMAN, LIPSIUS, GARDNER & RABINOVICH, LLP,,

    Defendant(s).
_____/



THE ORIGINAL FILED IN THE OFFICE OF THE CLERK

AUG 0 8 2011

CIRCUIT & COUNTY COURTS
MIAMI-DADE COUNTY FLORIDA

## MOTION FOR ENLARGMENT OF TIME TO FILE RESPONSIVE PLEADING

    Defendants, CHERYL LIPSIUS, ESQ., IRA LIPSIUS, ESQ. AND SCHINDEL, FARMAN, LIPSIUS, GARDNER & RABINOVICH, LLP, by and through their undersigned counsel files this their Motion for Enlargement of Time to File a responsive pleading to Plaintiff's Complaint served on defendants and as grounds therefore state as follows:

    1. Defendant was served with the complaint on this matter on July 20, 2011. Undersigned counsel has just been retained and requires additional time to confer with his clients who are located in New York City to prepare an appropriate responsive pleading.

    2. Defendants respectfully request an extension of fifteen (15) days to file a responsive pleading up and through August 24th.



KLEIN GLASSER PARK
LOWE & PELSTRING P.L.

3. Undersigned counsel's assistant contacted counsel for the Plaintiff prior to filing this motion to ask for an extension to file a responsive pleading. Plaintiff's counsel would not agree thus necessitating the motion.

WHEREFORE, Defendants respectfully request this Honorable Court enter an order granting this Motion for Enlargement of Time to file the responsive pleading in this cause for a period of fifteen (15) days, until August 24, 2011.

WE HEREBY CERTIFY that a true and correct copy of the foregoing was sent by email and U.S. Mail on this 8th day of August, 2011 to: Andrew Byrne, Esq., Becker & Poliakoff, P.A., Alhambra Towers, 121 Alhambra Plaza, 10th Floor, Coral Gables, FL 33134.

KLEIN GLASSER PARK LOWE & PELSTRING, P.L.
Counsel for Defendants
Two Datran Center – Suite 1225
9130 S. Dadeland Blvd
Miami, FL  33156
Phone: 305-670-3700
Fax: 305-670-8592
Email: mailto:lowej@kgplp.com lowej@kgplp.com

By: _____
JOSEPH H. LOWE
Florida Bar No.

KLEIN GLASSER PARK
LOWE & PELSTRING P.L.

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO. 11-14899 CA 31

CLIFFORD S. PERLMAN, as Trustee of the
Marilyn Tredwell Family Insurance Trust,

    Plaintiff,

vs.

CHERYL LIPSIUS, ESQ., IRA LIPSIUS, ESQ. and
SCHINDEL, FARMAN, LIPSIUS, GARDNER &
RABINOVICH, LLP,

    Defendants.

_____/

## SUMMONS

THE STATE OF FLORIDA

To Each Sheriff of the State:

    YOU ARE HEREBY COMMANDED to serve this Summons and Complaint for Damages in this action on Defendant:

**SERVE:**     **SCHINDEL, FARMAN, LIPSIUS, GARDNER & RABINOVICH, LLP**
                  **14 Penn Plaza, Suite 500**
                  **New York, New York 10122**

    Each Defendant is required to serve written defenses to the Complaint for Damages on Plaintiff's Attorney, whose address is:

        D. ANDREW BYRNE, ESQ.
        Becker & Poliakoff, P.A.
        121 Alhambra Plaza, 10th Floor
        Coral Gables, Florida 33134

*[handwritten: Served 7/20 Ans due 8/9]*

CASE NO. _____

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a Default will be entered against that Defendant for the relief demanded in the Complaint for Damages.

WITNESS my hand and the Seal of said Court this MAY 1 2 2011
2011.

                                     HARVEY RUVIN
                                     as Clerk of said Court

                                     By _____TARON BETHEL_____
                                                As Deputy Clerk

CASE NO. _____

## IMPORTANT

A lawsuit has been filed against you. You have twenty (20) calendar days after this Summons is served on you to file a written response to the attached Complaint in this Court. A phone call will not protect you; your written response, including the above case number and named parties, must be filed if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a carbon copy or photocopy of your written response to the "Plaintiff/Plaintiff's Attorney" named above.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas en dicho caso. Si usted no contesta la demand a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney." (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites Judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger; vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

ACTIVE: P16601/322551:3366663_1

3

| ☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. |||
|---|---|---|
| ☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. |||
| **DIVISION**<br>☒ CIVIL<br>☐ DISTRICTS<br>☐ FAMILY<br>☐ OTHER | **CIVIL COVER SHEET** | **CASE NUMBER**<br>11-14899 CA 31 |
| **PLAINTIFF**<br><br>CLIFFORD S. PERLMAN, as Trustee of the Marilyn Tredwell Family Insurance Trust | **VS. DEFENDANT**<br><br>CHERYL LIPSIUS, ESQ., IRA LIPSIUS, ESQ. and SCHINDEL, FARMAN, LIPSIUS, GARDNER & RABINOVICH, LLP | **CLOCK IN** |

The civil cover sheet and the information contained here does not replace the filing and service of pleadings or other papers as required by law. This form is required by the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statute 25.075. See instructions and definitions on reverse of this form.

**TYPE OF CASE** (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x in both the main category and subcategory boxes.

- ☐ 001 - Eminent Domain
- ☐ 003 - Contracts and Indebtedness
- ☐ 010 - Auto Negligence
- ☐ 022 - Products Liability
- ☐ 023 - Condominium
- ☐ **Negligence - Other**
    - ☐ 097 - Business Governance
    - ☐ 098 - Business Torts
    - ☐ 099 - Environmental/Toxin Tort
    - ☐ 100 - Third Party Indemnification
    - ☐ 101 - Construction Defect
    - ☐ 102 - Mass Tort
    - ☐ 103 - Negligent Security
    - ☐ 104 - Nursing Home Negligence
    - ☐ 105 - Premises Liability - Commercial
    - ☐ 106 - Premises Liability - Residential
    - ☐ 107 - Negligence - Other
- ☐ **Real Property/Mortgage Foreclosure**
    - ☐ 108 - Commercial Foreclosure $0 - $50,000
    - ☐ 109 - Commercial Foreclosure $50,001 - $249,999
    - ☐ 110 - Commercial Foreclosure $250,000 - or more
    - ☐ 111 - Homestead Residential Foreclosure $0 - $50,000
    - ☐ 112 - Homestead Residential Foreclosure $50,001 - $249,999
    - ☐ 113 - Homestead Residential Foreclosure $250,000 or more
    - ☐ 114 - Non-Homestead Residential Foreclosure $0 - $50,000
    - ☐ 115 - Non-Homestead Residential Foreclosure $50,001 - $249,999
    - ☐ 116 - Non-Homestead Residential Foreclosure $250,000 or more
    - ☐ 117 - Other Real Property Actions $0 - $50,000
    - ☐ 118 - Other Real Property Actions $50,001 - $249,999
- ☐ 119 - Other Real Property Actions $250,000 or more
- ☐ **Professional Malpractice**
    - ☐ 094 - Malpractice - Business
    - ☐ 095 - Malpractice - Medical
    - ☒ 096 - Malpractice - Other professional
- ☐ **Other**
    - ☐ 120 - Antitrust/Trade Regulation
    - ☐ 121 - Business Transactions
    - ☐ 122 - Constitutional Challenge - Statute or Ordinance
    - ☐ 123 - Constitutional Challenge - Proposed amendment
    - ☐ 124 - Corporate Trust
    - ☐ 125 - Discrimination - Employment or Other
    - ☐ 126 - Insurance Claims
    - ☐ 127 - Intellectual Property
    - ☐ 128 - Libel/Slander
    - ☐ 129 - Shareholder Derivative Action
    - ☐ 130 - Securities Litigation
    - ☐ 131 - Trade Secrets
    - ☐ 132 - Trust Litigation
- ☐ **133 - Other Civil Complaint**
    - ☐ 009 - Bond Estreature
    - ☐ 014 - Replevin
    - ☐ 024 - Witness Protection
    - ☐ 080 - Declaratory Judgment
    - ☐ 081 - Injunctive Relief
    - ☐ 082 - Equitable Relief
    - ☐ 083 - Construction Lien
    - ☐ 084 - Petition for Adversary Preliminary Hearing
    - ☐ 085 - Civil Forfeiture
    - ☐ 086 - Voluntary Binding Arbitration
    - ☐ 087 - Personal Injury Protection (PIP)

CLK/CT 96 Rev. 12/09                                                                    Clerk's web address: www.miami-dadeclerk.com

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.   Yes ☐   No ☒

REMEDIES SOUGHT (check all that apply):

☒ monetary;

☐ non-monetary declaratory or injunctive relief;

☐ punitive

NUMBER OF CAUSES OF ACTION: [ 2 ]
(specify) PROFESSIONAL NEGLIGENCE
CONVERSION

IS THIS CASE A CLASS ACTION LAWSUIT?

☐ Yes

☒ No

HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?

☒ No

☐ Yes   If "Yes", list all related cases by name, case number, and court.

IS JURY TRIAL DEMANDED IN COMPLAINT?

☒ Yes

☐ No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature _____   Florida Bar # __905356__
Attorney or party                                                (Bar # if attorney)

D. ANDREW BYRNE                                                   Date  5/10/11
(type or print name)

CLK/CT 96 Rev. 12/09                                          Clerk's web address: www.miami-dadeclerk.com



IN THE CIRCUIT COURT OF FLORIDA
FOR THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY

CLIFFORD S. PERLMAN,
as Trustee of the Marilyn
Tredwell Family Insurance
Trust,

    Plaintiff,

v.

CHERYL LIPSIUS, ESQ., IRA
LIPSIUS, ESQ., and SCHINDEL,
FARMAN, LIPSIUS, GARDNER &
RABINOVICH, LLP,

    Defendants.
_____/

Case No. 11-48993CA 31
JURY DEMANDED

## COMPLAINT FOR DAMAGES

Plaintiff, Clifford S. Perlman, as Trustee of the Marilyn Tredwell Family Insurance Trust ("Perlman Trustee"), offers the following as his complaint for damages against the Defendants Cheryl Lipsius, Esq., Ira Lipsius, Esq., and Schindel, Farman, Lipsius, Gardner & Rabinovich, LLP ("Schindel Law Firm").

### JURISDICTION

1. This Court has subject matter jurisdiction over this action pursuant to Art. V, §§ 5(b) & 6(b), Fla. Const., and Fla. Stat. §§ 26.012 and 34.01, in that this is an action at law in which the amount in controversy exceeds the sum of $15,000, exclusive of interest, costs, and attorneys' fees. This Court has personal jurisdiction over the parties to this action in that the Plaintiff, Perlman Trustee, has subjected himself to the jurisdiction of this Court, the Defendant

Cheryl Lipsius is a member of the bar of the State of Florida, and all the Defendants are subject to jurisdiction pursuant to Fla. Stat. § 48.193 because the Defendants were (1) operating, conducting, engaging in, or carrying on a business or business venture in Florida, (2) committed a tortious act within Florida, (3) caused injury to persons or property within Florida which arose out of an act or omission by the Defendants outside of this state at or about the time the Defendants were engaged in service activities in Florida, (4) breached a contract in Florida, and because the Defendants were engaged in substantial and not isolated activity within Florida at the time the cause of action in this complaint arose.

## VENUE

2. Venue of this action is properly in this Court pursuant to Fla. Stat. § 47.051, in that the causes of action accrued in Miami-Dade County, Florida, and the Defendants Ira and Cheryl Lipsius are non-residents of the State of Florida.

## PARTIES

3. The Plaintiff Clifford S. Perlman is a resident domiciliary of the State of Florida with his principal residence at 19333 Colllins Avenue, Unit 407, Sunny Isles Beach, Florida 33160. Mr. Perlman is the trustee of the Marilyn Tredwell Family Insurance Trust.

4. The Defendant Cheryl Lipsius is a non-resident of the State of Florida, and a member of the bars of Florida and New York. She is associated with the Defendant Schindel Law Firm and maintains her principal place of business at 14 Penn Plaza, Suite 500, New York, New York 10122.

5. The Defendant Ira Lipsius is a non-resident of the State of Florida and a member of the bar of New York. He is a partner with the Defendant Schindel Law Firm and maintains his principal place of business at 14 Penn Plaza, Suite 500, New York, New York 10122.

6. The Defendant Schindel, Farman, Lipsius, Gardner & Rabinovich, LLP, is a New York Limited Liability Partnership operating as a law firm. Its principal place of business is at 14 Penn Plaza, Suite 500, New York, New York 10122.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7. Clifford S. Perlman, with the permission of his sister, Marilyn Tredwell, created the Marilyn Tredwell Family Insurance Trust, with Plaintiff Clifford S. Perlman as trustee.

8. On or about December 8, 2007, a life insurance policy was issued to the Marilyn Tredwell Family Insurance Trust with a death benefit of $5,000,000 ("Life Insurance Policy") by The Lincoln National Life Insurance Company ("Lincoln National").

9. At some point after the insurance policy was issued, Lincoln National claimed that the policy lapsed, and gave notice to the Plaintiff, Perlman Trustee, that it would not honor the Life Insurance Policy or pay any claims thereunder.

10. To protect the rights of the Marilyn Tredwell Family Insurance Trust in the Life Insurance Policy, the Plaintiff, Perlman Trustee, hired Defendants Ira Lipsius, Cheryl Lipsius and the Schindel Law Firm to represent him in his capacity as trustee of the Marilyn Tredwell Family Insurance Trust against Lincoln National in an effort to have the Life Insurance Policy declared valid.

11. After Plaintiff Perlman Trustee hired the Defendants, the Defendants caused to be filed on Plaintiff Perlman Trustee's behalf the civil action styled, *Clifford S. Perlman, Trustee of the Marilyn Tredwell Family Insurance Trust v. The Lincoln National Life Insurance Company*, Case no. 10-20603-CIV-JORDAN/McALILEY (S.D. Fla. 2010)("Civil Action"). Although Defendants served as lead counsel, a local law firm, David and Joseph, P.L., was retained as

3

local counsel, but the Defendants served as lead counsel and Defendant Cheryl Lipsius entered a formal appearance in the Civil Action on Plaintiff, Perlman Trustee's behalf.

12. On November 16, 2010, the parties to the Civil Action participated in mediation, and the Civil Action was settled during mediation. Under the express terms of the settlement agreement, the settlement proceeds in the amount of $260,000 were delivered to the Defendant Schindel Firm's trust account "on behalf of Clifford S. Perlman, Trustee of the Marilyn Tredwell Family Insurance Trust." Defendant Ira Lipsius personally attended the mediation session. During that session, Plaintiff, Perlman Trustee, instructed Defendant Ira Lipsius that he was not to release any of the settlement funds from his trust account without specific instructions from Plaintiff, Perlman Trustee, and Defendant Ira Lipsius agreed. In addition, additional funds in the amount of $30,000, representing funds belonging to the Marilyn Tredwell Family Insurance Trust were delivered to the Defendants.

13. Without permission of their client, Perlman Trustee, the Defendants released the $290,000 settlement funds to a third party, Eli Verschleiser, who then converted the money and refuses to pay the money to the Plaintiff, Perlman Trustee. Regardless of the actions of this third party, the Plaintiff did not authorize his lawyers, the Defendants to release the funds to anyone.

14. Plaintiff, Perlman Trustee, has made demand on Verschleiser and the Defendants to return the money belonging to the Marilyn Tredwell Family Insurance Trust, and they have refused.

15. As a direct and proximate result of the Defendants' unauthorized release of Plaintiff's money, without justification or excuse, Plaintiff Perlman Trustee has suffered the loss of the $290,000 settlement proceeds of the Civil Action.

## COUNT I
## PROFESSIONAL NEGLIGENCE

16. Plaintiff incorporates herein by reference paragraphs 1-15.

16. At all times material, Defendants served as legal counsel to Plaintiff regarding the Civil Action.

17. Pursuant to their status as legal counsel to Plaintiff regarding the Civil Action, the Defendants owed Plaintiff a fiduciary duty to act in Plaintiff's best interest, and specifically had a duty to refrain from releasing the settlement proceeds of the Civil Action to anyone other than the Plaintiff, Perlman Trustee, or at his specific direction.

18. Defendants and each of them breached their duty to their client, Plaintiff, Perlman Trustee, and as a direct and proximate result of the Defendants' breach of their duty, Plaintiff suffered damages in the amount of $290,000.

## COUNT II
## CONVERSION

19. Plaintiff incorporates herein by reference paragraphs 1-15.

20. Defendants were in possession of property belonging to Plaintiff, specifically, the proceeds of the settlement of the Civil Action, referenced above, in the amount of $290,000.

21. Defendants wrongfully deprived the Plaintiff of possession of the $290,000 owned by him, and instead released the funds to a third party without his permission, who has absconded with the money and refuses to deliver it to the Plaintiff.

22. As a direct and proximate result of the Defendants wrongful deprivation of the property owned by the Plaintiff, the Plaintiff has suffered damages in the amount of $290,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

5

    a. That this Court cause proper process to issue requiring the Defendants to answer his complaint;

    b. That this Court empanel a jury to try all issues of fact;

    c. That this Court enter judgment against the Defendants and each of them for Plaintiff's damages in an amount not less than $290,000;

    d. That this Court award Plaintiff pre-judgment interest, costs, and to the extent permitted by law, reasonable attorneys' fees; and

    e. Such other, further relief to which Plaintiff may be entitled.

Dated May 6, 2011.

Respectfully submitted,

*[signature]*

D. Andrew Byrne, Esq.
Fla. Bar No. 0905356
New York Bar No. 4543120
Tenn. Bar No. 11431
BECKER & POLIAKOFF, P.A.
121 Alhambra Plaza, 10th Floor
Coral Gables, Florida 33134
305-262-4433
305-442-2232 (fax)
abyrne@becker-poliakoff.com

Counsel to Plaintiff