UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:  11-CV-23001-FAM

CLIFFORD S. PERLMAN,
Trustee of the Marilyn
Tredwell Family Insurance Trust,

       Plaintiff,

v.

CHERYL LIPSIUS, ESQ.,
IRA LIPSIUS, ESQ.
AND SCHINDEL, FARMAN,
LIPSIUS, GARDNER & RABINOVICH, LLP,

       Defendants.
_____/

CHERYL LIPSIUS, ESQ.,
IRA LIPSIUS, ESQ.
AND SCHINDEL, FARMAN,
LIPSIUS, GARDNER & RABINOVICH, LLP,

   Third-Party Plaintiffs,

v.

ELI VERSCHLEISER,

   Third-Party Defendant.

_____/

**THIRD-PARTY PLAINTIFFS COMPLAINT AGAINST ELI VERSCHLEISER**

    Third-Party Plaintiffs Cheryl Lipsius, Esq., Ira Lipsius, Esq. and Schindel, Farman, Lipsius, Gardner & Rabinovich, LLP, hereby sue Third-Party Defendant Eli Verschleiser; and would show:



### Parties

1. At all times material to this action, Third-Party Plaintiff Ira Lipsius was — and remains — a resident of the State of New York. He is a partner at the Schindel law firm, and maintains his principal place of business at 14 Penn Plaza, Suite 500, New York, New York 10122.

2. At all times material to this action, Third-Party Plaintiff Cheryl Lipsius was — and remains — a resident of the State of New York. She is an associate at the Schindel law firm, and maintains her principal place of business at 14 Penn Plaza, Suite 500, New York, New York 10122.

3. At all times material to this action, the Third-Party Plaintiff law firm Schindel, Farman, Lipsius, Gardner & Rabinovich, LLP is a New York limited-liability partnership. Its principal place of business is 14 Penn Plaza, suite 500, New York, New York 10122.

4. At all times material to this action, Third-Party Defendant Eli Verschleiser was — and remains — a resident of the State of New York.

### Jurisdiction and Venue

5. This is an action for indemnification and unjust enrichment.

6. This Court has diversity jurisdiction over the primary claim; that being the suit between Clifford S. Perlman ("first-party plaintiff") and Cheryl Lipsius, Esq., Ira Lipsius, Esq. and Schindel, Farman, Lipsius, Gardner & Rabinovich, LLP ("first-party defendants"). The primary parties are completely diverse to one another and the claim is in excess of the jurisdiction minimum of $75,000.

7.     This Court has jurisdiction over this action because it is related to the primary proceedings, which satisfy the diversity-jurisdiction requirements.

8.     Venue is proper in the Southern District of Florida, as this Court already has jurisdiction over the primary action, and the ancillary action involves a controversy arising out of damage caused to a Florida resident.

9.     Verschleiser has availed himself of jurisdiction in this forum as he has continuous, systematic ties to Florida through his various business interests.

## Factual Allegations

10.    Clifford S. Perlman as the Trustee of the Marilyn Tredwell Family Insurance Trust, has initiated suit against the Third-Party Plaintiffs for allegedly mishandling and converting settlement funds they were holding in their law-firm trust account. A copy of the complaint and answer is attached as composite exhibit "A."

11.    Perlman alleges that he created the Insurance Trust with the permission of his sister. The Trust was to be the beneficiary of a life-insurance policy Perlman took out on his sister with the Lincoln National Life Insurance Company. The policy had a death benefit of $5,000,000.

12.    To maintain the policy, a six-figure premium was required. Third-Party Defendant Eli Verschleiser and entities in which Verschleiser, Perlman, and Tredwell had an interest in were involved in financing the premium payments and, therefore, had an interest in the policy.

13.    The policy was taken out on or about December 8, 2007.

14.     At some point, Lincoln National claimed the policy had lapsed and refused to honor the policy or pay any claims under it.

15.     Perlman and Verschleiser hired the Third-Party Plaintiffs to initiate litigation to have the policy deemed valid.

16.     Eli Verschleiser was intimately involved in the lawsuit against Lincoln National. Indeed, the Third-Party Plaintiffs believed they had an attorney-client relationship with both Perlman and Verschleiser.

17.     On November 16, 2010, the case went to mediation, and settled for $260,000. An additional $30,000 was paid to the Trust. As a result, a total of $290,000 was placed into the Third-Party Plaintiff's trust account. Perlman claims he gave instructions that none of the funds were to be distributed without his permission.

18.     Starting on December 21, 2010, Verschleiser engaged the Third-Party Plaintiffs in a lengthy series of emails discussing the distribution of settlement funds.  Perlman was copied on all of this correspondence. At the end of these email discussions (by December 23, 2010), Verschleiser directed the Third-Party Plaintiffs where the funds were to be sent.  Perlman never objected during the course of these discussions despite having an opportunity to do so.

19.     In early January, 2011, Perlman sent a series of emails to Verschleiser and the Third-Party Plaintiffs demanding they withhold distribution of $107,000 settlement funds to a group of investors who were involved in funding the premium.

20.     By the time Perlman complained, the funds had already been transferred.



21. In his complaint, Perlman directly accuses Verschleiser of converting his money; yet, he did not name him as a party defendant to the lawsuit.

22. The Third-Party Plaintiffs now file this complaint for indemnification against Verschleiser; to the extent their decision to follow his instructions may ultimately result in it suffering damages.

## Count I - Indemnification

23. Third-Party Plaintiffs reincorporate and re-allege paragraphs 1 – 22 as if fully set forth herein.

24. An attorney client-relationship existed between Third-Party Plaintiffs and Verschleiser, thus satisfying the special relationship necessary to sustain a claim for indemnification under Florida law.

25. The Third-Party Plaintiffs believed that Verschleiser had actual or apparent authority and control over the disbursement of the settlement funds.

26. Well after being made aware of Verschleiser's directions to the Third-Party Plaintiffs and remaining silent, Perlman declared that Verschleiser never had authority to authorize the transfer of the funds.

27. Perlman has accused Verschleiser of converting the funds for his own use.

28. Perlman has sued the Third-Party Plaintiffs for negligence and for converting the funds.

29. The Third-Party Plaintiffs are entirely without fault in transferring the funds at the direction of Verschleiser and with the knowledge of Perlman and his silent acquiescence; its liability is wholly derivative of Verschleiser's actions.

KG KLEIN GLASSER PARK LOWE & PELSTRING P.L.

30. The Third-Party Plaintiffs were the agents of Verschleiser and operated under his authority.

31. To the extent Perlman has been damaged, it is entirely the fault of Verschleiser.

**WHEREFORE** Third-Party Plaintiffs, Cheryl Lipsius, Esq., Ira Lipsius, Esq. and Schindel, Farman, Lipsius, Gardner & Rabinovich, LLP, demands indemnification from Eli Verschleiser and any other relief this Court finds equitable.

### Count II – Unjust Enrichment

32. Third-Party Plaintiffs reincorporate and re-allege paragraphs 1 – 22 as if fully set forth herein.

33. Verschleiser received funds which are allegedly the property of Perlman.

34. The funds were transferred out of the Third-Party Plaintiffs' trust account at Verschleiser's behest.

35. Verschleiser may not have a possessory interest in the money, assuming Perlman's allegations are correct.

36. As a result, Verschleiser has been unjustly enriched at the expense of the Third-Party Plaintiffs and Perlman.

37. The Third-Party Plaintiffs seek a return of the funds to their trust account so that they can be returned to Perlman — contingent upon a determination that Perlman actually has an actual possessory interest in the funds.

**WHEREFORE** Third-Party Plaintiffs, Cheryl Lipsius, Esq., Ira Lipsius, Esq. and Schindel, Farman, Lipsius, Gardner & Rabinovich, LLP, demands a return of the



funds from Eli Verschleiser so that Perlman may be compensated and any other relief this Court finds equitable.

>Respectfully submitted,
>
>KLEIN GLASSER PARK
>LOWE & PELSTRING, P.L.
>Counsel for Defendants
>Two Datran Center – Suite 1225
>9130 S. Dadeland Blvd
>Miami, FL   33156
>Phone: 786.219.2249
>Fax:    305.670.8592
>Email: lowej@kgplp.com  and jonesr@kgplp.com
>
>
>By: *//s// Joseph H. Lowe*
>        JOSEPH H. LOWE
>        Florida Bar No. 0273716
>        RICHARD M. JONES
>        Florida Bar No. 059097



Case Number:  11-CV-23001-FAM<br/>Page 8

## CERTIFICATE OF SERVICE

    WE HEREBY CERTIFY that a true and correct copy of the foregoing was sent to the Court via cm/ecf on this 1st day of September, 2011 and emailed it to: Andrew Byrne, Esq., Becker & Poliakoff, P.A., Alhambra Towers, 121 Alhambra Plaza, 10th Floor, Coral Gables, FL  33134.

    Respectfully submitted,

KLEIN GLASSER PARK
LOWE & PELSTRING, P.L.
Counsel for Defendants
Two Datran Center – Suite 1225
9130 S. Dadeland Blvd
Miami, FL  33156
Phone: 786.219.2249
Fax:    305.670.8592
Email: lowej@kgplp.com  and  jonesr@kgplp.com


By: *//s// Joseph H. Lowe*
    JOSEPH H. LOWE
    Florida Bar No. 0273716
    RICHARD M. JONES
    Florida Bar No. 059097

