The Marilyn Tredwell Family Insurance Trust

IRREVOCABLE TRUST AGREEMENT

THIS TRUST AGREEMENT (this "Agreement"), dated this 9th day of January, 2008, is made between Marilyn Tredwell, of the City of Sunny Isles Beach, State of Florida, as Settlor ("Settlor") and Clifford S. Perlman, of the City of Los Angeles, State of California as Trustee ("Trustee").

I intend by this Agreement to create an irrevocable trust of the sum of Ten Dollars ($10.00), and Trustee is willing to administer the same in accordance with the terms of this Agreement. I therefore assign, transfer and deliver such property to Trustee, and Trustee hereby acknowledges the receipt of such property, IN TRUST, to hold, manage, invest and reinvest, to collect the income therefrom and to distribute the net income and principal in accordance with the terms of this agreement.

I.   STATEMENT OF IRREVOCABILITY AND BENEFICIARIES

A.  Irrevocable Trust.  Settlor acknowledges and states that the promises and covenants set forth in this agreement are not revocable.  Settlor has relinquished all power to alter, amend, or revoke this Trust Agreement in whole or in part.

B.  Named Beneficiary.  The named beneficiary of this Trust is: Clifford S. Perlman. For the convenience of reference, the Named Beneficiary herein may also be referred to as "Named Beneficiaries" and it shall be sufficient that they be referred to as such in any instrument of transfer, deed, assignment, bequest or devise pertaining to this Trust Agreement.

II.  NAME AND SITUS OF TRUST

A.  Name.  This Trust shall, for the convenience of reference, be known as "The Marilyn Tredwell Family Insurance Trust" and it shall be sufficient that it be referred to as such in any instrument of transfer, deed, assignment, bequest or devise.

B.  Situs.  Unless and until changed by an affirmative specific election and act of the Trustee, the situs of this Trust is the State of Florida.  The laws and courts of

Florida shall have exclusive jurisdiction so long as the situs remains in Florida. No Named Beneficiary shall compel a change of situs except as in accordance with the Changing of Situs provision herein.

C. Changing of Situs.   The Trustee may change the legal situs by a written instrument signed and acknowledged before a witness and a public notary to which state the situs is being changed.

## III. DURING MY LIFETIME

A. Payment of Income.  Until my death, Trustee shall pay any net income from the trust to my Named Beneficiaries, at least annually.

B. Payment of Principal.  Until my death, Trustee is authorized to pay to my Named Beneficiaries such sums from the principal of the trust as seem advisable in Trustee's discretion for their health, education, or support in reasonable comfort. In exercising such discretion, Trustee may, but shall not be obliged to, take into consideration the income or other resources of the Named Beneficiaries. Trustee shall be the sole judge of whether the occasion exists for the payment of principal, the amount, if any, to be paid and its use.

## IV. AFTER MY DEATH

A. Upon my death, Trustee shall distribute the balance of the trust to my brother, Clifford S. Perlman. The successors in interest to Clifford S. Perlman, should he predecease Settlor, are the Settlor's descendants, per stirpes, subject to any more specific provisions or the proper exercise of a power of appointment stated in the Trust Agreement.

## V. DISTRIBUTION TO PERSONAL REPRESENTATIVE

A. Notwithstanding the foregoing provisions of this Agreement for distribution of the trust after my death, if it shall be determined that any portion of the trust is included in my gross estate for federal estate tax purposes, Trustee shall distribute such portion to the personal representative of my estate.

## VI. PROVISIONS CONCERNING LIFE INSURANCE

A. <u>Authorization to Purchase</u>.  I authorize Trustee to purchase one or more life insurance policies on the life of any person or persons and to hold the same as an investment of the trust (herein sometimes collectively referred to, along with any policies that may be issued in exchange therefore, and any policies assigned to Trustee, as the "Policy").

B. <u>Rights and Powers of Trustee</u>.  Without limiting the generality of the foregoing, such purchase shall vest solely in Trustee each and all of the following rights and powers if applicable with respect to the Policy:

1. To exercise all options, rights and elections exercisable under the Policy or allowed by the company or companies issuing said policies;

2. To designate and change beneficiaries under the Policy and this Trust provided that my estate, my creditors or my estate's creditors shall not be designated as such beneficiary and subject to any more specific provisions herein;

3. To demand and collect from the company or companies issuing said policies all such proceeds of the Policy as shall become a claim, unless by assignment or designation of beneficiary Trustee shall have otherwise provided;

4. To cancel any certificate issued in connection with the Policy and any interest in the Policy and to surrender the converted Policy;

5. To assign any and all rights under the Policy;

6. To receive any increases in the amount of insurance under the Policy; and

7. To pay any premium on the Policy from income or principal.

VII.   TRUSTEE'S COMPENSATION

A. <u>Reasonable Compensation</u>.  Trustee shall be entitled to receive reasonable compensation for its services hereunder (which may be taken without judicial authorization at the time or times permitted under the laws of the State of Florida).

B. Reimbursement of Expenses. Trustee shall be entitled to be reimbursed for all expenses reasonably incurred by it in the administration of the trust, including legal fees, the fees of investment advisors and other similar expenses.

VIII.   TRUSTEE SUCCESSION

A. Trustee's Inability to Act. I acknowledge that it may become impractical, because of mental or physical incapacity, for an individual trustee to serve throughout the trust term. For purposes of this Agreement, an individual trustee shall be considered to be unable to manage his or her affairs if under a legal disability, or by reason of illness or mental or physical disability is unable to give prompt and intelligent consideration to financial matters; the determination as to Trustee's inability shall be made in writing by two duly licensed physicians. Upon that determination, Trustee shall cease to serve as such.

B. Resignation of Trustee. Trustee shall have the right to resign at any time by delivering or mailing written notice of such resignation to the then income beneficiary or beneficiaries of the trust hereunder. Such resignation shall take effect upon the date specified in such notice, but not less than thirty (30) days after such mailing or delivery. Upon the date so specified, all duties of Trustee shall cease except the duty to account.

IX. GENERAL PROVISIONS AND FIDUCIARY POWERS

A. Transfer Documents. I hereby agree to execute and deliver at any time upon request of Trustee, such other and further instruments of transfer and conveyance as are or may be deemed necessary with respect to any part of the trust assets or the assignment or transfer thereof to Trustee.

B. Fiduciary Bonds. No Trustee, successor Trustee or donee of a power to manage property during minority or incompetency, or other such fiduciary however styled, shall be required to post a bond or other security in such capacity in any jurisdiction.

C. References to Fiduciaries. For convenience I refer to my fiduciaries herein in the singular neuter gender. This reference shall, throughout, include the masculine and feminine and plural wherever necessary or appropriate.

D. <u>Power to Apply Income or Principal</u>. Whenever Trustee is directed or authorized to pay income or principal to any beneficiary entitled to the income or principal of a trust hereunder or to whom the income or principal from such a trust may then be paid, Trustee may apply such income or principal for the benefit of such beneficiary.

E. <u>Trustee's Discretion</u>. The decision of Trustee with respect to the exercise or non-exercise by it of any discretionary power hereunder, or the time or manner of the exercise thereof made in good faith, shall fully protect it and shall be conclusive and binding upon all persons interested in the trust.

F. <u>Release</u>. Absent bad faith, I hereby release the Trustee from any claim or cause of action I may now or hereinafter have arising from or pertaining to their respective decisions and actions (or lack of actions) in the discharge of their duties and the exercise of their powers hereunder.

G. <u>Accrued or Accumulated Income</u>. Upon the termination of a trust under this Agreement, any accumulated income and any accrued or collected but undistributed net income as of the date of termination shall not be paid to the holder of the first estate but shall be paid instead to the next estate, including an appointee or appointees pursuant to the exercise of a power of appointment.

H. <u>Discretional Trust Termination</u>. Whenever, in the sole discretion of Trustee, a trust hereunder is too small to administer economically, or the purposes for which the trust was established can no longer be effectively carried out because of a change in the law affecting the trust and its beneficiaries or any other changes in circumstances which makes continuation of the trust unwarranted, Trustee may terminate such trust. In such event Trustee shall distribute the then remaining assets of the trust to the income beneficiaries thereof (or if the trust is a discretionary income trust, to such one or more of the income beneficiaries as Trustee determines in its discretion) outright and free of any trust without any obligation to account to anyone other than such beneficiaries.

I. <u>Consolidation and Division of Trusts</u>.

1. <u>Consolidation</u>. In the event that two or more trusts are created by me or by my spouse which shall have the same beneficiaries, trustee and

dispositive provisions, I authorize the Trustee or Trustees of such trusts to consolidate them for ease and efficiency of administration. Any trusts so consolidated shall be treated as a single trust for purposes of determining the Trustee's compensation. However, Trustee shall not combine any trust with an inclusion ratio, as defined in section 2642 of the Internal Revenue Code of 1986.

2. <u>Division</u>. If a trust hereunder is eligible for protection against generation skipping tax by election to allocate exemption under section 2631 of the Code, and in the event that Trustee makes such an election with respect to less than all of the property of such trust, and in the event that applicable law or regulation permits the division of the elected and non-elected portions into separate trusts without adversely affecting the tax benefit of the election, then the trust shall be divided into separate parts pursuant to the terms of the election (with allocation to the separate trusts at fair market value of assets at the time of division), and (notwithstanding anything to the contrary in this Agreement regarding consolidation of trusts having identical dispositive provisions) the trusts thus divided shall thereafter be administered independently of each other.

J. <u>Accounts</u>. Trustee may from time to time (or, upon the reasonable request of an income beneficiary, at any time,) render an account of the acts and transactions of Trustee with respect to the income and principal of the trust from the date of the creation of the trust or from the date of the last previous account of Trustee, as the case may be, to the then income beneficiary or beneficiaries as shall be of full age and competent at the time when such account is rendered. Such income beneficiary or beneficiaries shall have full power and authority on behalf of all persons interested in the trust to settle and adjust such account. Upon such account being settled and adjusted to the satisfaction of such income beneficiary or beneficiaries, it shall be final and conclusive upon each and every person (whether then living or then ascertainable or not) who shall then or thereafter be or become interested in either the income or the principal of the trust fund, with like effect as a judgment of a court having jurisdiction, judicially settling such account in an action in which Trustee and all persons having or claiming any

interest in the trust fund were parties. The approval of such account by such income beneficiary or beneficiaries shall constitute a full and complete discharge and release of Trustee from all further liability, responsibility and accountability for or with respect to the acts and transactions of Trustee as set forth in said account, both as to the income and as to the principal of the trust. If at any time the trust shall be divided into shares, the provisions of this paragraph shall apply to each share with the like effect as if such share constituted the entire trust. The foregoing provision, however, shall not preclude Trustee from having its account judicially settled if it so desires.

K. <u>Payment of Minor's Interest</u>.   Whenever, pursuant to any provision of this Agreement, Trustee is required or permitted to pay to or apply for the benefit of a minor any gift or the income or principal of any trust fund or share, Trustee may make such payment or application by paying the same directly to such minor, or to a bank for deposit to such minor's account, or to the parent or guardian of such minor, or to a custodian for such minor under a Uniform Gifts to Minors Act or a Uniform Transfers to Minors Act to the extent permitted by law, and the receipt of such bank, parent, guardian or custodian shall be a full and complete discharge and acquittance to Trustee to the extent of any such payment. I authorize Trustee to designate that any payment or application to a custodian hereunder shall be held by such custodian until the minor attains the age of twenty-one years.

L. <u>Power to Manage Property Vested in a Minor or Incompetent During Minority or Incompetency</u>.   Notwithstanding any contrary provisions of this Agreement, if any portion of the trust (including the income from any trust hereunder) shall at any time be or become payable or distributable to a minor or an incompetent because of the provisions of this Agreement or the authorizations contained in it, or by operation of law, such interest shall vest in absolute ownership in such minor or incompetent, and Trustee is authorized in its discretion, and without authorization by any court, to defer payment or distribution of the whole or any part of such interest during such minority or incompetency and, in the meantime, to hold, manage, invest and reinvest the same, to collect the income therefrom and to pay to, or apply for the benefit of such minor or incompetent so much of the net income and principal thereof as such Trustee, in its discretion, deems advisable

for the health, education or support of such minor or incompetent, accumulating any income not so paid or applied. The principal thereof and any accumulated income shall be paid or distributed to such minor when such minor reaches his or her majority, or earlier pursuant to the provisions of the preceding paragraph, or to such incompetent or his or her committee, conservator or other legal representative at any time. The Trustee holding property under this power is authorized to permit the minor or incompetent to have the use or possession of any real or tangible personal property so held. Trustee shall be entitled to receive compensation with respect to any property held under this power at the same rate and payable in the same manner as provided earlier in this Agreement. Trustee shall not be required to render annual accounts to any court with respect to its proceedings under this power. For purposes of this paragraph a minor shall be deemed to be a person who has not attained the age of twenty-one years.

M. <u>Pension Plans and Insurance Proceeds Payable to Trusts</u>. With regard to all policies of life insurance and all pension, stock bonus, profit sharing, individual retirement and like plans which designate the Trust hereunder as beneficiary, Trustee is specifically authorized and empowered:

1. to execute and deliver receipts and other instruments and to take such action as may be appropriate to obtain possession and control of such Policies or of documents necessary to collect proceeds of such plans;

2. to execute and file proofs of claim required to collect the proceeds thereof (the receipt of Trustee shall constitute full acquittance to insurance companies, employers, trustees or other payors for proceeds so paid), provided, however, that Trustee shall be under no obligation to institute legal proceedings for the collection of any such proceeds until and unless it has been indemnified to its satisfaction for all costs and expenses, including attorney's fees;

3. to elect, in its discretion, any option modes of settlement available to it under such policies or plans, provided that such election shall not defeat or diminish any marital or charitable deduction otherwise allowable for federal estate tax purposes;

4. to receive such proceeds and to administer and distribute them as principal in accordance with the dispositive provisions of this instrument, and in connection therewith to divide, apportion and distribute such proceeds between any trusts created hereunder, including the power to make tentative allocations between such trusts and subsequent adjustments;

5. to use such proceeds in the purchase from my estate of such assets as Trustee deems advisable without being limited to assets authorized by law for the investment of trust funds; to the extent that proceeds of such Policies or plans represent ordinary income taxable to the recipient, other than for a trust qualifying for the marital deduction Trustee may, in its discretion, allocate such taxable proceeds in any manner between principal and income, paying out any part or all of it as current income of the trust, accumulating and adding it to the principal of the trust; and Trustee's determination in this regard, and its exercise of any election available to it affecting the manner of taxation of such proceeds, shall be final and shall not be subject to judicial review, and any person adversely affected by such determination or election shall not be entitled to any reimbursement or adjustment by reason thereof.

N. Dividends Paid in Stock. Dividends and other distributions by a corporation or association, whether ordinary or extraordinary, received by Trustee in the stock of the corporation or association making the distribution shall be principal.

O. Exercise of Powers by Multiple Trustees. Whenever more than one trustee is serving as fiduciary, the co-trustees may designate one trustee to exercise the administrative and/or ministerial powers granted by law or under this Agreement. As evidence of such designation, persons dealing with the trust may rely on a notarized, written statement signed by all trustees then in office which specifies powers that may be exercised by one of the multiple trustees, acting alone.

P. Captions. The use of captions or headings in articles and paragraphs of this Agreement is for convenience only. They are not intended to embody any substantive content and shall be wholly disregarded in the construing of this Agreement.

Q. <u>General Powers</u>.  I grant to Trustee the following powers in addition to those elsewhere herein granted or conferred by law, and to the exclusion of contrary provisions of law where I have power to vary such provisions, with respect to all property, real and personal, at any time forming part of any trust hereunder, including accumulated income and property held under a power to manage property vested in a minor or incompetent during minority or incompetency, until the final distribution thereof.

  1. <u>Retention and Diversification</u>.  To retain any such property, including shares of stock of a Trustee hereunder or shares of stock of a corporation having voting control of such Trustee, as an investment without regard to the proportion which it and other property of a similar character held hereunder may bear to the trust in which such property is held and whether or not such property is of the class in which trustees are authorized by law or rule of court to invest trust funds;

  2. <u>Sale or Other Disposition</u>.  To sell, exchange or otherwise dispose of any such property at public or private sale, without authorization by any court, wholly or partly on credit or for cash or for any other consideration including stocks, bonds, other obligations, real estate or other property and to grant options for the purchase, exchange or other disposition thereof;

  3. <u>Investments</u>.  To invest and reinvest in property of any character, real or personal, located in or outside the state of my domicile, including, but not limited to, bonds, notes, debentures, mortgages, leases, common and preferred stocks, general or limited partnership interests, limited liability companies, undivided interests, legal and discretionary common trust funds and mutual funds, without being limited to investments authorized by law or rule of court for trust funds, and without regard to the proportion which all such property and other property of a similar character held hereunder may bear to the trust in which such property is held, or other property in which I hold an interest.  In connection with its investment decisions, the Trustee shall have no duty (1) to ascertain whether any director, officer or employee of the corporate Trustee (or any of its subsidiaries) possesses any information which has not been publicly

disclosed and which, if generally known, might have a significant market impact or, (2) to take into account any such information in making a determination as to the acquisition, retention or disposition of any investment;

4. <u>Options, Proxies</u>. To exercise or sell any options and any conversion, subscription, voting and other rights pertaining to any such property and to grant proxies, discretionary or otherwise, in respect thereof;

5. <u>Corporate Matters Affecting Investments</u>. To consent to and participate in any plan of reorganization, consolidation, merger, combination, recapitalization, reclassification, liquidation or other plan and to consent to any contract, lease, mortgage, purchase, sale or other action by any corporation;

6. <u>Creditors' Rights Affecting Investments</u>. To deposit any such property with any protective, reorganization or similar committee, to delegate discretionary power thereto, to pay part of such committee's expenses and compensation and any assessments levied with respect to such property;

7. <u>Realty</u>. To manage any real property in the same manner as though the absolute owner thereof, including, but not limited to, the power to lease the property without application to any court, for any term although such term may extend beyond the period of administration of any trust hereunder, with options for renewals and the purchase or disposal of buildings thereon or to be placed thereon and to make agreements other than those specifically mentioned; to make ordinary or extraordinary repairs and alterations to any building, to raze old buildings and erect new buildings and make other improvements; to insure against loss by fire or other casualties; to subdivide and plot any such property; to abandon such property, to refrain from paying taxes and maintenance charges thereon and to convey any such property without consideration; to partition any such property, even though fiduciaries may hold an interest in their own right or in some other capacity; to extend any existing mortgage; to borrow upon the security of any such property, and to execute mortgages as security therefore.

8. <u>Borrowing</u>. To borrow money from itself or others for the benefit of any trust hereunder, and to secure the loan by pledge or mortgage of the property of any trust and to renew existing loans;

9. <u>Dealings with My Estate or a Trust Created by Me</u>. To purchase from the personal representative of my estate and/or the Trustee of a trust created by me, any property constituting a part thereof at its fair market value, and to make loans for adequate consideration to such personal representative and/or Trustee upon such terms and conditions as Trustee, in its discretion, shall determine;

10. <u>Adjustment of Claims</u>. To extend the time of payment of any obligation held hereunder and to compromise, settle, arbitrate or abandon any claim in favor of or against any trust hereunder;

11. <u>Title to Assets</u>. To hold property unregistered or in such other form that title shall pass by delivery, and to cause any securities or other property held hereunder to be registered in the name of a nominee or in its own name, without the addition of any word or words showing its fiduciary capacity;

12. <u>Distribution in Kind</u>. To make any division or distribution required hereunder (including the satisfaction of any pecuniary gift) in cash or in other property, real or personal, or undivided interests therein, or partly in cash and partly in such other property, and pro rata or otherwise as to any particular asset, and to do so without regard to the income tax basis of specific property allocated, to any beneficiary (including any trust);

13. <u>Worthless Assets</u>. To abandon property which it determines not to be worth protecting or collecting;

14. <u>Trust Additions</u>. To receive additional property acceptable to Trustee from any source and add it to and mingle it with the trust or trusts created hereunder.

15. <u>Plenary Powers</u>.  To do all such acts, take all such actions and exercise all such rights and privileges, although not specifically mentioned, with relation to any such property, as though the absolute owner thereof, and in connection therewith to make, execute and deliver any instruments and to enter into any covenants or agreements binding any trust hereunder.

[Signatures appear on following pages]

X. ACCEPTANCE. Trustee accepts the trust and agrees to perform its duties hereunder.

IN WITNESS WHEREOF, we have signed this Trust Agreement

Acknowledged and agreed to this 9ᵗʰ day of JANUARY , 2008

By: _Marilyn Tredwell._
     Marilyn Tredwell, as Settlor

State of ___NY___     County of ___Kings___

UNDER MY HAND AND NOTARIAL SEAL, 9ᵗʰ day of JANUARY , 2008

ROBERT M LAND
Notary Public, State of NY
No. 24-C1-04904694
Qualified in Kings County
Comm. Expires 11/23/20__

_____
Notary Public

My Commission expires: __11-23-2009__

Acknowledged and agreed to this 9ᵗʰ day of JANUARY , 2008

By: _____
     Clifford Perlman, as Trustee

State of ___NY___     County of ___Kings___

UNDER MY HAND AND NOTARIAL SEAL, 9ᵗʰ day of JANUARY , 2008

ROBERT M LAND
Notary Public, State of NY
No. 24-C1-04904694
Qualified in Kings County
Comm. Expires 11/23/20__

_____
Notary Public

My Commission expires: __11-23-2009__

[This page intentionally left blank]

AMENDEMENT TO THE MARILYN TREDWELL FAMILY INSURANCE TRUST
IRREVOCABLE TRUST AGREEMENT-APPOINTMENT OF BENEFICIARY

The following should be considered An agreement as part of The Marilyn Tredwell Family Insurance Trust Agreement dated January 9ᵗ 2008.

As Trustee of The Marilyn Tredwell Family Insurance Trust, I Clifford S. Perlman hereby appoints Luxury Marketing & Sales LLC as the sole beneficiary of The Marilyn Tredwell Family Insurance Trust.

IN WITNESS WEREOF, we have signed this addendum to the Trust Agreement

Acknowledged and agreed to this February 12ᵗʰ, 2008

By: _____
      Clifford S. Perlman